^TOBIAS, J.,
Concurring.
I respectfully concur in the result.
The issue before the court is in my view res nova. Unlike a civil case where a trial judge may change his or her mind after rendering a judgment in a bench trial within the time delays for a new trial, the legislature has provided no procedural mechanism for a defendant to seek a reversal of a conviction .decision made in a bench trial. Only in a jury trial is a procedural vehicle provided by law to reverse a verdict of the jury.[1] Practical reasons exist for this anomaly, and any change in the law must be addressed to the legislature.
In this ease, once a sentence is imposed, the defendant will have the right of appeal of his conviction and sentence wherein he may assign errors addressing why he finds that the trial court erred in finding him guilty of the lesser included offense.

. Those provisions of the Code of Criminal Procedure addressing verdicts are for the most part inapplicable to bench trials because only juries render verdicts; judges render judgments. (As a practical matter, once a jury renders a verdict, the jury cannot later return after being discharged and state that it made an error and really intended to convict of a greater charge, lesser charge, or acquit.)